**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY MILLER, ) ) | |
| ) | Case No.: 17-cv-4627 |
| Plaintiff, ) ) | |
| v. ) | **COMPLAINT** |
| ) | |
| DAKKOTA INTEGRATED ) | **JURY DEMANDED** |
| SYSTEMS, L.L.C., ) ) | |
| Defendant. ) | |

Now comes the Plaintiff, ANTHONY MILLER ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, DAKKOTA INTEGRATED SYSTEMS, L.L.C. ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a complaint for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that he is an individual within the meaning of the ADA, that Defendant unreasonably refused to consider accommodation of his disability and discharged him because of his disability, in violation of the ADA.

**PARTIES**

3. Plaintiff is a citizen of the United States who at all relevant times resided in Country Club Hills, Illinois.

4. Defendant employed Plaintiff beginning on or about October 1, 2010. At the time of his termination, Defendant employed Plaintiff as a Material Handler.

5. On information and belief, Defendant is a limited liability corporation of the State of Michigan, which is not licensed to do business in Illinois, and whose principal place of business is located in Holt, Michigan.

6. Plaintiff is an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4), as he is an individual employed by an employer, the Defendant herein.

7. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5), as it is a "person" engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

10. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed a Charge of Discrimination, number 440-2015-06566, with the Equal Employment Opportunity Commission ("EEOC") on September 17, 2015.

   b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on March 22, 2017.

## BACKGROUND FACTS

11. During or about 2012, Plaintiff injured his right shoulder while performing his regular job duties while working for Defendant.

12. The pain began to spread and intensify, resulting in Plaintiff going to see a doctor, Dr. Silver ("Silver"), to treat the injury.

13. Silver determined that Plaintiff had torn his right rotator cuff and required surgery. After treating Plaintiff, Silver eventually released him to return to work.

14. On or about March 2, 2015, Plaintiff re-injured his right shoulder while performing his regular job duties while working for Defendant.

15. Plaintiff attempted to continue working despite the pain caused by his injury for about three days' time.

16. On or about March 5, 2015, Plaintiff reported his injury to Defendant.

17. Plaintiff went to go see a doctor about his injury. The doctor determined that the injury Plaintiff had sustained was caused by the motions from his job responsibilities.

18. Plaintiff's doctor recommended surgery. Additionally, his doctor made recommendations of accommodations that Defendant allow in order for Plaintiff to return to work. The accommodations Plaintiff's doctor recommended include, but are not limited to:

    a. Plaintiff should not lift more than thirty pounds;

    b. Plaintiff should not lift anything over his head; and

    c. Plaintiff should not partake in repetitive motions involving his shoulder.

19. Plaintiff began to try and enroll in Worker's Compensation for his injury.

20. Defendant requested an independent physician examine Plaintiff to determine the cause of the injury.

21. On or about July 27, 2015, Dr. Gregory L. Primus, M.D. ("Primus"), Defendant's chosen independent physician, wrote a letter to Defendant after his examination of Plaintiff.

22. Primus determined that Plaintiff's pain likely stemmed from a preexisting issue.

23. Primus also noted in his letter to Defendant that Plaintiff had severely limited range of motion in his right shoulder.

24. Primus did not have a description of Plaintiff's job responsibilities, but recommended restricting Plaintiff's overhead lifting to nothing weighing more than ten pounds.

25. On or about August 27, 2015, Plaintiff was released to return to work with restrictions.

26. Plaintiff requested specific reasonable accommodations be made for him based on his physician's recommendations.

27. Defendant refused to provide Plaintiff with the requested reasonable accommodations.

28. One of Plaintiff's managers told Plaintiff that it would be unfair to the other employees to provide such accommodations.

29. However, on information and belief, other similarly situated employees were granted accommodations by Defendant for their injuries.

30. On or about September 17, 2015, Plaintiff filed a Charge of Discrimination with the EEOC.

31. After filing the charge with the EEOC, Plaintiff attempted to go back to work for Defendant.

32. The Safety Coordinator briefly spoke with Plaintiff before informing him that he would have to speak with his attorney regarding his desire to come back to work. Plaintiff did not have an attorney at this time.

33. Plaintiff believed, in good faith, that he had been terminated from his position. At a minimum, Plaintiff had been constructively terminated.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 33 above as if reiterated herein.

35. Defendant intentionally discriminated against Plaintiff on the basis of his disability in one or more of the following ways:

    a. Failing to reasonably accommodate his disability;

    b. Terminating him because of his disability; and/or

    c. Retaliating against him for requesting accommodations due to his disability.

36. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

Wherefore, Plaintiff ANTHONY MILLER, respectfully prays this Honorable Court enter judgment against Defendant, DAKKOTA INTEGRATED SYSTEMS, L.L.C., as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability;

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claim in this action.

RESPECTFULLY SUBMITTED,

ANTHONY MILLER

By: <u>/s/ David B. Levin</u>
 Attorney for Plaintiff
 Ohio Attorney No. 0059340
 Law Offices of Todd M. Friedman, P.C.
 111 West Jackson Blvd., Suite 1700
 Chicago, IL 60604
 Phone: (312) 212-4355
 Fax: (866) 633-0228
 dlevin@toddflaw.com